IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                             Case Nos.:   4:11cr38/RH/CAS
                                                             4:14cv16/RH/CAS

CHRISTOPHER ALEXANDER BARNES

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 (doc. 45).  Rule 4(b) of the Rules

Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from

the face of the motion and any attached exhibits and the record of prior proceedings

that the moving party is not entitled to relief, the judge must dismiss the motion and

direct the clerk to notify the moving party."   After a review of the record, it is the opinion

of the undersigned that the motion is untimely and that it should be summarily

dismissed.

BACKGROUND and ANALYSIS

Defendant was charged in a single count indictment with conspiracy to traffic in

and use unauthorized access devices (doc. 1).[1]  Defendant and unindicted co-

_____

[1]Defendant was indicted in the instant case on July 5, 2011 (doc. 1), and apparently
has been in custody throughout the proceedings (*see* doc. 6, (motion for writ of habeas
corpus ad prosequendum directed to the sheriff of the DeKalb County Jail)).

conspirator Immanuel Weston Ricardo Gayle conspired to defraud numerous individuals by using their credit and debit card information after Gayle acquired the account numbers through his employment at a Home Depot in Tallahassee (*see* doc. 1; doc. 47, PSR ¶¶ 8–17). The offense conduct took place between November 15 and December 10, 2010 (doc. 1). Defendant entered his guilty plea on April 17, 2012 (docs. 31–33), and on July 31, 2012, he was sentenced to a term of 21 months imprisonment (doc. 41). He did not appeal. Nothing further was filed until Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[2] on December 23, 2013 (doc. 45 at 13). Defendant raises a single ground for relief in his motion. He contends that counsel was constitutionally ineffective at sentencing because counsel did not cite U.S.S.G. § 5G1.3 and request that the court order that Defendant's sentence in this case run concurrently with his unexpired state sentence.[3]

————————————————

[2]A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[3]Defendant has three state sentences that are "active," only one of which includes a term of incarceration. The Presentence Investigation Report ("PSR") reflects that Defendant's probation was revoked in DeKalb County, Georgia case 08CR3592-9 on September 1, 2011 as a result of the new law violation in this case (doc. 37, PSR ¶ 44). Defendant was initially sentenced to a term of 30 days in jail followed by 2 years and 11 months probation in that case (*id.*). On September 1, 2011, Defendant also received a two year prison sentence in DeKalb County, Georgia, case 10CR2463, which sentence was to run "concurrent with 08CR3592-9, with credit for time served since 8/2/11" (PSR ¶ 45). Finally, Defendant received a two year probationary sentence in Henry County, Georgia

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United
> States is removed, if the petitioner was prevented from making a motion
> by such governmental action;
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's judgment of conviction is dated July 31, 2012 (doc. 41).

Because he did not appeal, his conviction became final when the time for doing so

expired, fourteen days later on August 14, 2012.  The instant motion was not filed until

December 23, 2013, and is thus facially untimely.  Defendant claims that his motion was

timely filed pursuant to 28 U.S.C. § 2255(f)(4).  In support of this assertion, Defendant

states that he did not receive a copy of his Sentence Monitoring Computation Data from

the Bureau of Prisons until October 12, 2013, and it was not until that time that he

realized that his federal sentence did not run concurrent with his state sentence, and

hence that he would be serving thirteen months longer than he expected.

The date on which Defendant allegedly discovered that his federal and state

sentences would not run concurrently is not equivalent to "the date on which the facts

---

case 2010-SU-CR971-AM on August 2, 2011  (PSR ¶ 46).  The offense conduct in each
of these Georgia cases took place months or years before the offense conduct in this case
(*see* PSR ¶¶ 44–46).  However, because Defendant was under supervision at the time of
the offense conduct in this case, the court had discretion to run the term of imprisonment
concurrently, partially concurrently or consecutively.  U.S.S.G. § 5G1.3(c) & comment.
(n.3(C)).

supporting the claim or claims presented could have been discovered *through the exercise of due diligence*" 28 U.S.C. § 2255(f)(4) (emphasis added).  In fact, Defendant's motion contains no indication that he made any effort to confirm his "expectation" regarding the service of his state and federal sentences.  Thus, the court finds that he is not entitled to proceed under § 2255(f)(4).

A defendant seeking to avoid the statutory time limitation may do so by establishing his entitlement to equitable tolling.  Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Again, Defendant's apparent lack of diligence is critical.  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances."  Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a defendant who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000)

(citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).  As noted above,

there is nothing in the instant motion to suggest that Defendant is entitled to invoke the

doctrine of equitable tolling.  Conversely, a simple inquiry about his sentence at any

point since its imposition would have revealed the information he claims to have

belatedly learned.  There was no extraordinary circumstance standing in his way and

preventing him from making such an inquiry, and equitable tolling does not apply in this

case.

For the foregoing reasons, Defendant's motion should be dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of

a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also

recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (doc. 45) be summarily **DENIED and DISMISSED** as untimely.

2.     A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 14th day of January 2014.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**