IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASES NO.  4:11cr38-RH/CAS
 4:14cv16-RH/CAS

CHRISTOPHER ALEXANDER BARNES,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Christopher Alexander Barnes has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 46, and the objections, ECF No. 50.  I have reviewed *de novo* the issues raised by the objections.  This order accepts the report and recommendation and denies the § 2255 motion.

The report and recommendation correctly concludes that the § 2255 motion was filed after expiration of the one-year limitations period and that there are no grounds for equitable tolling.  This without more requires denial of the motion.

It bears noting, too, that the motion is unfounded on the merits.  Mr. Barnes claims his attorney rendered ineffective assistance by failing to assert that the

sentence in this case should have been made concurrent with Georgia state-court sentences.  At least one of the state sentences—in DeKalb County, Georgia Dkt. 10CR2463, as described in presentence report ¶ 45—was imposed for conduct unrelated to this federal offense.  My consistent practice in such circumstances is to impose consecutive sentences.  The Georgia offense and this federal offense were unrelated offenses that warranted separate punishment.  Had Mr. Barnes's attorney asked for concurrent time, the answer would have been no.  So Mr. Barnes's § 2255 motion would have been denied even if timely filed.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

The defendant has not made the required showing.  This order thus denies a certificate of appealability.  Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.  Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. A certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on March 7, 2014.

s/Robert L. Hinkle
United States District Judge
